# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00655-CR

---

**Ex parte Adam Ahmad Noureddine**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 78979, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant's brief was originally due January 17, 2025, in this appeal of an order denying an application for a writ of habeas corpus under Code of Criminal Procedure article 11.072. On January 30, this Court sent a notice to Appellant—at the last known address for him, drawn from his most recent filing as shown in the clerk's record—informing him that his brief was overdue and that we required a response by February 10. It appears that this Court's notices to Appellant's last known address have been returned without having reached Appellant.

Also, the clerk's record in this appeal contains a document titled "Trial Court's Certificate of Defendant's Right to Appeal." It appears, however, that this certificate may be defective because an order denying habeas as here is an appealable order. *See Ex parte Saylee*, No. 03-18-00124-CR, 2018 WL 1833533, at *1 (Tex. App.—Austin Apr. 17, 2018, no pet.) (per curiam) (order & mem. op., not designated for publication). Because the certification appears

not to accurately reflect Appellant's right of appeal, it is defective. *Id.* (citing *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)).

The appeal is abated and the case remanded to the trial court. The trial court shall conduct a hearing to determine whether Appellant desires to prosecute this appeal. *See* Tex. R. App. P. 38.8(b)(2), (3). If Appellant expresses his desire to dismiss this appeal, the trial court shall direct Appellant to submit a motion to dismiss with this Court that complies with Rule of Appellate Procedure 42.2. The court shall make appropriate written findings and recommendations. *See* Tex. R. App. P. 38.8(b)(2), (3). If necessary, the court should appoint counsel who will effectively represent Appellant in this appeal. Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings, conclusions, and orders, if any—to be prepared and forwarded to this Court no later than 30 days from the date of this order. *See* Tex. R. App. P. 38.8(b)(3).

Also on remand, the trial court should sign an amended certification that accurately reflects Appellant's right to appeal the denial of his habeas application. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than 30 days from the date of this order.

It is ordered on July 11, 2025.


Before Justices Triana, Kelly, and Theofanis

Abated and Remanded

Filed: July 11, 2025

Do Not Publish

2